## WE ARE AMERICA/SOMOS AMERICA COALITION OF ARIZONA et al., Plaintiffs–Appellants,

v.

## MARICOPA COUNTY BOARD OF SUPERVISORS et al., Defendants–Appellees.

No. 09–15281.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 9, 2010.

Filed July 12, 2010.

Danilo Ballecer, Ballecer & Segal LLP, Antonio Bustamante, Sr., Esquire, Law Office of Antonio D. Bustamante, PC, H.

Michael Clyde, Esquire, Perkins Coie Brown & Bain P.A., Phoenix, AZ, Carlos R. Holguin, Esquire, Peter Anthony Schey, Esquire, Los Angeles, CA, Ray Velarde, Lulac National Legal Adviser, El Paso, TX, for Plaintiffs–Appellants.

Timothy James Casey, Esquire, Litigation Counsel, Schmitt, Schneck, Smyth & Herrod PC, Bruce P. White, Deputy County, Dennis I. Wilenchik, Esquire, Wilenchik & Bartness, P.C., Phoenix, AZ, for Defendants–Appellees.

Before: KOZINSKI, Chief Judge, GOODWIN and IKUTA, Circuit Judges.

MEMORANDUM *

The district court correctly determined that it lacked jurisdiction under *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), to consider the claims of the six plaintiffs who are Mexican nationals: A federal court decision would improperly interfere with the state criminal proceedings that had already begun against them. *See Woodfeathers, Inc. v. Wash. County,* 180 F.3d 1017, 1020 (9th Cir.1999). Arizona has an important interest in enforcing its criminal statutes, and it's not "readily apparent" that federal law preempts Ariz.Rev.Stat. § 13–2319 or Maricopa County's enforcement policy. *See id.* at 1021. The Mexican national plaintiffs also have an adequate opportunity to litigate their constitutional claims in the state court proceedings. *See id.* at 1020–21.

The district court erred, however, in concluding that *Younger* abstention barred it from considering the organizational and taxpayer claims. Those plaintiffs weren't parties to the state court proceedings, and they're not sufficiently intertwined with the plaintiffs who were parties to trigger *Younger. See Doran v. Salem Inn, Inc.,* 422 U.S. 922, 928–29, 95 S.Ct. 2561, 45 L.Ed.2d 648 (1975); *Green v. City of Tucson,* 255 F.3d 1086, 1099–1100 (9th Cir. 2001) (en banc), *limited on other grounds, Gilbertson v. Albright,* 381 F.3d 965, 968–69 (9th Cir.2004) (en banc). On remand, the district court must still determine whether the organizational and taxpayer plaintiffs have standing to pursue their claims.

**AFFIRMED IN PART, REVERSED IN PART AND REMANDED.**

No costs.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.